UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JALEN DOMINIQUE HAWKINS,

        Petitioner,        Case No. 21-cv-10411

v.        Honorable Linda V. Parker

MATT MCCAULEY,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE CASE AND DENYING AS MOOT PETITIONER'S APPLICATION TO HOLD HIS CASE IN ABEYANCE PENDING EXHAUSTION OF STATE-COURT REMEDIES**

Petitioner Jalen Dominique Hawkins, a state prisoner in the custody of the Michigan Department of Corrections, commenced this action by filing an application to hold his habeas petition in abeyance pending exhaustion of state remedies. (ECF No. 1.) Petitioner admits that he filed his case after the statute of limitations expired, and he has not carried his burden of showing that he is entitled to equitable tolling of the statute of limitations. Accordingly, the Court is dismissing this case and denying as moot Petitioner's application to hold his case in abeyance.

## I. Background

Petitioner alleges that, following a jury trial in the Circuit Court for Wayne County, Michigan, he was found guilty of the following offenses: (i) assault with

intent to commit murder (AWIM) in violation of Michigan Compiled Laws § 750.83; (ii) unlawfully driving away an automobile (UDAA) in violation of Michigan Compiled Laws § 750.413; (iii) assault with a dangerous weapon (felonious assault) in violation of Michigan Compiled Laws § 750.82; and (iv) possession of a firearm during the commission of a felony (felony firearm) in violation of Michigan Compiled Laws § 750.227b. (ECF No. 1 at Pg ID 4.) On November 1, 2017, the state trial court sentenced Petitioner to concurrent terms of 17 to 40 years in prison for the AWIM conviction, one to five years for the UDAA conviction, and one to four years for the felonious assault conviction. *See People v. Hawkins*, No. 341725, 2019 WL 1050052, at *1 (Mich. Ct. App. Mar. 5, 2019) (unpublished). The court sentenced Petitioner to a consecutive term of two years in prison for the felony-firearm conviction. *See id*.

In an appeal of right, Petitioner challenged his sentence for AWIM and the sufficiency of the evidence supporting his AWIM conviction. The Michigan Court of Appeals rejected his claims and affirmed his convictions and sentences. *Id*. at *1-3. On September 10, 2019, the Michigan Supreme Court denied Petitioner leave to appeal. *See People v. Hawkins*, 932 N.W.2d 599 (Mich. 2019).

On February 1, 2021, Petitioner filed his application to hold his case in abeyance. (ECF No. 1.) Petitioner alleges that he simultaneously filed a motion for relief from judgment in the state trial court, raising the following claims: (1)

the ineffective assistance of trial and appellate counsel created actual prejudice and established good cause for his failure to raise his grounds for relief in an earlier pleading; (2) he was denied effective assistance of trial and appellate counsel due to their inability to accurately estimate his sentencing guideline range; (3) his trial attorney committed a structural error and deprived him of effective assistance by conceding his guilt without his consent; (4) he was denied his right to a sentence based on accurate information when offense variables 3, 6, and 13 were scored, and counsel failed to object to the improper scoring; (5) offense variable 7 was mis-scored, and he was denied his right to a sentence based on accurate information; and (6) he is entitled to an evidentiary hearing regarding trial and appellate counsel. (*Id*. at Pg ID 5-6.)

Petitioner also refers to a habeas corpus petition in his application. Although the Court has not received the petition, Petitioner states in his application to hold this case in abeyance that his grounds for relief are: (1) the guilty verdict was based on insufficient evidence; (2) the sentence imposed constituted an abuse of discretion and violated the principle of proportionality and the constitutional guarantees against cruel and/or unusual punishment; (3) the denial of effective assistance of trial and appellate counsel created actual prejudice and established good cause for his failure to raise his grounds for relief in an earlier pleading; (4) he was denied effective assistance of trial and appellate counsel due to their

inability to accurately estimate his sentencing guidelines range; (5) his trial attorney committed a structural error by conceding his guilt without his consent; (6) he was denied his right to a sentence based on accurate information when offense variables 3, 6, and 13 were scored, and counsel failed to object to the improper scoring; (7) offense variable 7 was mis-scored, and he was denied his right to a sentence based on accurate information; and (8) he is entitled to an evidentiary hearing regarding trial and appellate counsel. (*Id*. at Pg ID 6-7.)

Petitioner asks this Court to hold this matter in abeyance pending resolution of his motion for relief from judgment in state court. Petitioner asserts that he failed to raise all of his claims on direct appeal due to his lack of knowledge of legal practice and procedures, his limited access to legal materials, a learning disability, and counsel's failure to raise the issues. (*Id*. at Pg ID 12-13.) Petitioner further asserts that his claims are not plainly meritless (*id*. at Pg ID 14), and that he is not engaged in intentional dilatory tactics, (*id*. at Pg ID 14-15).

## II. Discussion

### A. Exhaustion of State Remedies and Petitioner's Request for a Stay

In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the Supreme Court stated that "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents

those claims to a federal court in a habeas petition." *Id*. at 842. This requirement is satisfied if the prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in a state supreme court when that review is part of the ordinary appellate review procedure in the state. *Id*. at 845, 847. For state prisoners in Michigan, this means that they must fairly present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court. *See Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir.), *cert. denied*, 141 S. Ct. 658 (2020); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The Supreme Court's "total exhaustion" rule ordinarily prohibits a federal district court from adjudicating a "mixed" petition, that is, one containing both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). In *Rhines*, however, the Supreme Court approved a "stay and abeyance" procedure, which allows a district court to stay a habeas case and hold the petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *Rhines*, 544 U.S. at 275. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

The Court understands Petitioner to be raising as grounds for relief the two claims he presented to the state courts on direct appeal and the six claims he raised in a motion for relief from judgment, which he contends is pending in the state trial court. Because the first and second claims allegedly were raised in Michigan's appellate courts, and the other claims were not, Petitioner's application is the equivalent of a mixed petition. When faced with such a mixed petition, a district court has four options. *Swanson v. DeSantis*, 606 F.3d 829, 831 (6th Cir. 2010). The court may:

> (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S. Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S. Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S. Ct. 1528; or (4) ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (emphasis in original); *see also Robinson*, 950 F.3d at 347 (quoting *Harris*, 563 F.3d at 1031-1032).

Petitioner would like the Court to stay his case and hold his application in abeyance while he pursues state remedies for his unexhausted claims. In *Rhines*, however, the Supreme Court stated that the "stay and abeyance" procedure is available only in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted

claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

Although Petitioner claims to have satisfied the three *Rhines* requirements, he admits that the deadline to file his federal habeas petition was December 10, 2020 (*see* ECF No. 1 at Pg ID 9), and he filed this case only on February 1, 2021. The Court, therefore, proceeds to decide whether Petitioner's claims are time-barred. If they are, Petitioner has no right to habeas relief and there is no need to stay this case.

## B. The Statute of Limitations

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year limitations period for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The one-year period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

The applicable subsection here is § 2244(d)(1)(A), the date on which Petitioner's conviction became final at the conclusion of direct review. Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

>   For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review the judgment of a state court of last review must be filed no later than ninety days after entry of the judgment. Sup. Ct. R. 13.1; *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner did not apply to the United States Supreme Court for a writ of certiorari. Therefore, his convictions became final when the deadline expired for

seeking such a writ. That date was December 9, 2019, ninety days after the Michigan Supreme Court denied leave to appeal. The statute of limitations began to run on the following day. *See* Fed. R. Civ. P. 6(a)(1)(A) (computing time by excluding the day of the event that triggers the period); *see also Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002) (following the instruction in Rule 6 and computing the habeas statute of limitations by beginning the calculation with the day after the petitioner's conviction became final). The statute of limitations ran uninterrupted for one year and expired on December 9, 2020. Petitioner filed his habeas corpus case almost two months later, on February 1, 2021.

Although Petitioner alleges that he filed a motion for relief from judgment when he filed this case, the Court has found no record of the motion on the state court's docket. Even if Petitioner filed the motion when he commenced this case, the motion could not toll the limitations period under § 2244(d)(2) because it had already expired. The motion also did not revive or restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Therefore, Petitioner filed an untimely application and he is not entitled to relief absent equitable tolling or a credible claim of actual innocence.

### 1. Equitable Tolling

AEDPA's limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court,

however, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 560 U.S. at 649). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner contends that he is entitled to equitable tolling because he has been pursuing his rights diligently and because the COVID-19 pandemic limited his access to the prison electronic law library (ELL) and the courts. (ECF No. 1 at Pg ID 8-11.) While the COVID-19 pandemic is an extraordinary circumstance, Petitioner has not persuaded the Court that the pandemic prevented him from filing a timely habeas petition. He contends that, due to the recent outbreak of COVID-19 cases at the prison where he is incarcerated, inmates have not had access to the ELL. (*Id.* at Pg ID 8-9.)

Petitioner also contends that, due to his inability to read or write very well and his low comprehension level, he relies on a legal writer to assist him in communicating with the court and preparing pleadings. (*Id.*) He concludes that

his and his legal writer's denial of access to the ELL has resulted in the denial of access to the courts. (*Id.*)

It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. But restricted access to a law library is not a per se denial of access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (quoting *Twyman v. Crips*, 584 F.2d 352, 357 (10th Cir. 1978)). And a prisoner's limited access to a law library is not an extraordinary circumstance warranting equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751.

Moreover, Petitioner was approved for assistance from a legal writer on or about September 26, 2019, which was about two weeks after the Michigan Supreme Court denied leave to appeal on direct review. (*See* ECF No. 1 at Pg ID 17-18.) The statute of limitations did not begin to run until December 10, 2019, and the World Health Organization did not declare a global pandemic until March 11, 2020. *See* https://www.niaid.nih.gov/diseases-conditions/coronaviruses. Additionally, Petitioner indicates that it was not until late June or early August

2020 that inmates were prohibited from entering the building where the ELL is located. (ECF No. 1 at Pg ID 8-9.)

Given these facts, the Court finds that Petitioner could have filed a timely habeas petition. He may not have exhausted state remedies for all his claims by the time the limitations period expired, and he may not have been able to file a legal brief to support his claims. However if Petitioner had been pursuing his claims diligently, with the help of his legal writer, he could have filed a short, hand-written document that included the main facts about his criminal case, a list of his claims, and a request to hold his case in abeyance until he could exhaust state remedies or prepare a more formal pleading.

Petitioner has not carried his burden of establishing that the COVID-19 pandemic barred his access to the Court and prevented him from filing a timely habeas petition. Thus, he is not entitled to equitable tolling of the limitations period.

## 2. Actual Innocence

Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the statute of limitations serves as an impediment to the consideration of the merits of the petitioner's constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet

the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner challenged only his AWIM conviction on direct review. The Michigan Court of Appeals found no merit in the claim because "there was ample evidence for the jury to find beyond a reasonable doubt that [Petitioner] intended to kill the victim." *Hawkins*, 2019 WL 1050052, at *1.

Petitioner has not presented the Court with any new and reliable evidence of actual innocence. Therefore, he is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

### III. Order

Based on the foregoing discussion, **IT IS ORDERED** that this case is summarily **DISMISSED** for failure to comply with the statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's application for a stay and to hold his case in abeyance is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling was correct or whether Petitioner has stated a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal if he appeals this decision because he was permitted to proceed without prepaying the fees or costs for this action, *see* ECF No. 5, and an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3)(A).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 6, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager